**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **ROBBIN E. BLYTHE** | **CIVIL ACTION** |
| **VERSUS** | **NO.:** |
| **OFFSHORE SERVICE VESSELS, L.L.C. f/k/a EDISON CHOUEST OFFSHORE, L.L.C.** | **SECTION NO.:** |
| | **MAGISTRATE: ( )** |

# COMPLAINT

**NOW INTO COURT,** through undersigned counsel, comes plaintiff, ROBBIN E. BLYTHE, who alleges upon information and belief as follows:

1.

Made defendant in this action is:

A. OFFSHORE SERVICE VESSELS, L.L.C., f/k/a EDISON CHOUEST OFFSHORE, L.L.C., whose domicile address is 16201 East Main Street, Cut Off, La, 70345;

B. Whose principal place of business address is 16201 East Main Street, Cut Off, La, 70345;

C. Whose registered agent for service of process is Dionne C. Austin, 16201 East Main Street, Cut Off, La 70345.

2.

Plaintiff brings this action pursuant to the Jones Act, 46 U.S.C.A. §30104 and the General Maritime Law, for the injuries sustained by ROBBIN E. BLYTHE, in the course of his employment as a seaman.

3.

This court has jurisdiction on actions arising under the Jones Act. Venue is proper in this district pursuant to 28 U.S.C.A. §1332, as the Plaintiff is a resident of a different state from where the Defendant is domiciled.

4.

Plaintiff hereby demands a jury trial on all issues pursuant to his statutory right.

5.

Plaintiff is informed and believes and thereon alleges that at all times pertinent herein, defendant, OFFSHORE SERVICE VESSELS, L.L.C. f/k/a EDISON CHOUEST OFFSHORE, L.L.C., owned and operated the AHTS EDISON CHOUEST.

6.

At all times pertinent herein, defendant employed Plaintiff as a rig operator on their drill ship, AHTS EDISON CHOUEST.

7.

On or about January 21, 2015, the AHTS EDISON CHOUEST, was located off the coast of Trinidad and Tobago.

8.

Plaintiff was aboard the AHTS EDISON CHOUEST when the vessel experienced a severe engine room fire. Plaintiff was barely able to escape the engine room where he was located when the fire started. The $CO_2$ system was mislabeled which created a huge delay in setting the system off, and this resulted in the fire burning for approximately four hours while the vessel was adrift at sea. The traumatic experience resulted in Plaintiff sustaining and being diagnosed with PTSD.

9.

Plaintiff was in the course and scope of his employment on board the AHTS EDISON CHOUEST when he sustained his injuries.

10.

His injuries continue to limit him physically and have precluded him from returning to work.

11.

Plaintiff's injuries are the direct and proximate result of the negligence of defendant, Plaintiff's supervisors, co-workers, and the captain aboard the AHTS EDISON CHOUEST.

12.

Plaintiff in no way caused or contributed to cause the incident complained of herein, nor the resultant damages, and in fact, had no reasonable opportunity to avoid same.

**FOR A FIRST CAUSE OF ACTION – DAMAGES FOR PAIN AND SUFFERING OF A SEAMAN UNDER THE JONES ACT, 46 U.S.C.A. §30104**

13.

Incorporated herein by this reference is each and every allegation contained in Paragraphs 1 through 12, inclusive, as if set forth in full.

14.

The Plaintiff's injuries were proximately caused by each of the following negligent acts and/or omissions of defendant, OFFSHORE SERVICE VESSELS, L.L.C. f/k/a EDISON CHOUEST OFFSHORE, L.L.C.:

(a) Breach of legally imposed duty of reasonable care resulting in the incident and injuries referred to herein;

(b) Failure to provide a reasonably safe place to work, resulting in the incident and injuries referred to herein;

(c) Failure to provide a seaworthy vessel, of which defendant had knowledge prior to and at the time of the incident;

(d) Negligence of defendant's agents, resulting in the incident and injuries referred to herein, including, but not limited to, the failure to provide adequate procedures;

(e) Failure to supervise employees properly which resulted in the incident and plaintiff's injuries;

(f) Provision of inadequate personnel to do the job assigned, of which inadequacy defendant had knowledge prior to and at the time of the incident sued upon; and

(g) Other acts and/or omissions of negligence which may be introduced at the trial of this matter.

15.

Plaintiff alleges that each of the acts and omissions described hereinabove proximately caused him to suffer conscious pain and suffering.

16.

Plaintiff, ROBBIN E. BLYTHE, is entitled to recover for his pain and suffering in an amount according to proof.

**FOR A SECOND CAUSE OF ACTION-UNSEAWORTHINESS**

17.

Incorporated herein by this reference is each and every allegation contained in Paragraphs 1 through 16, inclusive, as if set forth in full.

18.

Pursuant to the General Maritime Law of the United States of America, the aforementioned defendant had the absolute and non-negligible duty to provide Plaintiff with a safe and seaworthy vessel, but failed to do so.

19.

More particularly, defendant provided an unseaworthy vessel in one or more of the following non-exclusive particulars:

(a) Failure to provide a seaworthy vessel;

(b) Failure to provide adequate procedures;

(c) Negligence of defendant's agents, resulting in the accident and injuries referred to herein;

(d) Failure to supervise employees properly resulting in the accident and injuries referred to herein; and

(e) Other instances of unseaworthiness that will be proven at trial.

**FOR A THIRD CAUSE OF ACTION**

20.

Plaintiff avers that defendant is liable to the plaintiff for the conduct of its agent and for other acts of negligence as cited above, as well as negligence and other liabilities pursuant to General Maritime Law and any other applicable laws for its non-delegable duty to provide maintenance in an amount that is reasonable in the premises and cure for all medical expenses incurred by complainant as a result of the injuries sustained in this accident.

21.

Plaintiff is informed and believes and thereon alleges that each of the acts and omissions of defendant described hereinabove proximately caused Plaintiff to suffer conscious pain and suffering, including, but not limited to:

(a) Past and future physical pain and suffering;

(b) Past and future mental anguish;

(c) Past and future emotional distress;

(d) Past and future lost wages;

(e) Past and future loss of earning capacity;

(f) And past medical expenses;

(g) As well as other general and special damages that are reasonable in the premises.

WHEREFORE, plaintiff, ROBBIN E. BLYTHE, an adult of the age of majority, prays that after due proceedings are had that there be judgment entered in his favor and against the defendant, OFFSHORE SERVICE VESSELS, L.L.C. f/k/a EDISON CHOUEST OFFSHORE, L.L.C., for special and general damages in an amount according to proof, for interest on all damages in the legal amount from the date of judicial demand, for maintenance and cure, and for all costs of these proceedings, as well as such other and further relief as the court may deem proper, in an amount that is reasonable in the premises.

Respectfully submitted,

____/s/ Jarrett S. Falcon____________

**Timothy J. Falcon, #16909**
Email: tim@falconlaw.com
**Jeremiah A. Sprague, #24885**
Email: jerry@falconlaw.com
**Jarrett S. Falcon, #34539**
Email: jarrett@falconlaw.com
**FALCON LAW FIRM, PLC**
5044 Lapalco Boulevard
Marrero, Louisiana 70072
Telephone: (504) 341-1234
Facsimile: (504) 341-8115
***Attorneys for Plaintiff***

**PLEASE SERVE:**
**OFFSHORE SERVICE VESSELS, L.L.C.**
**f/k/a EDISON CHOUEST OFFSHORE, L.L.C.**
Through its Registered Agent for Service of Process:
Dionne C. Austin
16201 East Main Street
Cut Off, Louisiana 70345