# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ROBBIN E. BLYTHE<br><br>v.<br><br>OFFSHORE SERVICE VESSELS, L.L.C., et al. | CIVIL ACTION: 2:17-cv-05184<br><br>JUDGE NANNETTE JOLIVETTE BROWN<br><br>MAG. KAREN WELLS ROBY |

## MEMORANDUM IN SUPPORT OF
## MASSY MACHINERY LTD.'S MOTION TO DISMISS

**MAY IT PLEASE THE COURT:**

Massy Machinery Ltd. d/b/a Massy CAT, incorrectly named as Massy Cat d/b/a Massy Machinery, LTD ("Massy"), sought to be made a defendant herein, submits this Memorandum in support of its Motion to Dismiss and respectfully represents:

## **INTRODUCTION**

Plaintiff's Complaint and First Supplemental and Amending Complaint do not contain a single factual allegation connecting Massy to the State of Louisiana, or even the United States.[1] In fact, Plaintiff's Complaints are devoid of any jurisdictional factual allegations attempting to establish Massy has the minimum contacts with Louisiana required for personal jurisdiction.[2] Simply put, Massy is a Trinidad and Tobago corporation and does not have sufficient minimum contacts with Louisiana required for personal jurisdiction. Accordingly, as demonstrated herein, Plaintiff's case should be dismissed pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure because Massy is not subject to personal jurisdiction in Louisiana.

---

[1] *See* Rec. Docs. 1 and 16. Plaintiff's Complaint and First Supplemental and Amending Complaint will collectively be referred to herein as "Plaintiff's Complaints."
[2] *See* Rec. Docs. 25, 30, 32, and 34.

In the alternative, Plaintiff's general maritime claims against Massy must be dismissed on the basis that such claims are untimely and barred by the applicable statute of limitations. This Honorable Court has already dismissed Plaintiff's general maritime law claims against Caterpillar Inc. ("Caterpillar") and Louisiana Machinery Company, LLC ("LA Machinery").[3] Plaintiff sought to add Massy as a defendant through his First Supplemental and Amending Complaint, the same pleading in which Plaintiff added Caterpillar Inc. and Louisiana Machinery Company, LLC. Accordingly, Plaintiff's general maritime claims against Massy should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure because they are untimely.

## **BACKGROUND**

Plaintiff, a resident of Panama and a non-U.S. citizen,[4] alleges that in January 2015, he sustained injuries and damages as the result of an engine fire aboard the "drill ship" AHTS EDISON CHOUEST while that vessel was "located off the coast of Trinidad and Tobago."[5] At the time, he was employed "as a seaman" for Offshore Service Vessels, L.L.C. ("OSV"), a Louisiana limited liability company that allegedly owned and operated the vessel.[6] In May 2017, plaintiff sued OSV pursuant to the Jones Act and the general maritime law.[7]

More than three years after the fire, Plaintiff amended his lawsuit to add additional defendants: Caterpillar, LA Machinery, and Massy.[8] Plaintiff alleges Massy is a "foreign corporation not authorized to do business in the State of Louisiana, but which is transacting business in Trinidad . . ."[9] He further alleges that Massy is an authorized dealer and service provider of Caterpillar products **in Trinidad** and is responsible for inspections conducted as part

---

[3] *See* Rec. Docs. 25, 30, 32, and 34.
[4] Rec. Doc. 1-1.
[5] Rec. Doc. 1, at ¶¶ 7-8.
[6] Rec. Doc. 1, at ¶¶ 5-6.
[7] Rec. Doc. 1, at ¶ 2.
[8] Rec. Doc. 16.
[9] Rec. Doc. 16, at ¶ D.

of the maintenance of AHTS EDISON CHOUEST's engine equipment while the vessel was **in Trinidad**.[10] Plaintiff asserts that inspections and/or engine work that Massy performed in August 2014, December 2014, and January 2015, caused or contributed to his alleged injuries.[11] As such, he claims that Massy is liable to him for compensatory and punitive damages pursuant to general maritime tort law and Trinidad tort law.[12]

As Plaintiff correctly asserts, Massy is a corporation organized under the laws of Trinidad.[13] Massy does not regularly do business in Louisiana, and it was not regularly doing business in Louisiana at the time of the events alleged in this action or at any subsequent time.[14] Massy does not have offices or places of business in Louisiana, does not maintain any bank accounts or telephone listings in Louisiana, does not own any immovable property in Louisiana, and has no agents, servants, or employees living or working in Louisiana.[15] Massy has never been qualified, authorized, licensed, or chartered to do business in Louisiana.[16] Massy does not sell or repair, nor has it ever sold or repaired, any products in the State of Louisiana.[17] Massy does not solicit any business or advertise in Louisiana.[18] Massy does not transact any business of any kind in Louisiana, it does not derive revenue from goods used or services rendered in the State of Louisiana, nor is it subject to taxation in the State of Louisiana.[19]

The only relevant contact Massy has with Louisiana is a Co-Operation Agreement it entered into with LA Machinery, a Louisiana company.[20] The purpose of the Co-Operation

---

[10] Rec. Doc. 16, at ¶¶ 26 and 29.
[11] Rec. Doc. 16, at ¶¶ 32-35, 37 and 40.
[12] Rec. Doc. 16, at ¶¶ 38-46.
[13] *See* Exhibit A, Declaration of Ricky Maharaj Pursuant to 28 U.S.C. § 1746, at ¶ 4; *see also* Rec. Doc. 16, at ¶ D.
[14] *See* Ex. A, at ¶¶ 5-21.
[15] *See* Ex. A, at ¶¶ 13-17.
[16] *See* Ex. A, at ¶¶ 5-21.
[17] *See* Ex. A, at ¶¶ 8-12.
[18] *See* Ex. A, at ¶¶ 6-8.
[19] *See* Ex. A, at ¶¶ 8-19.
[20] *See* Ex. A, at ¶¶ 22-23 and Declaration Exhibit 1, Co-Operation Agreement between Massy and LA Machinery. Of note, Massy was formerly named Tracmac Engineering Limited prior to a name change in 2014 to Massy

Agreement was to enhance operations in the Marine Engine and Petroleum division of Massy **in Trinidad and Tobago**.[21] All of Massy's obligations under the agreement were performed in Trinidad and Tobago, *e.g.* "provide LM with technical support . . . in Trinidad in Tobago", "service requests made . . . in the Trinidad and Tobago area and . . . for services to be carried out in Trinidad and Tobago", "coordinating service work . . . in Trinidad."[22] Further, the agreement "shall be governed by the laws of the Republic of Trinidad and Tobago."[23]

Any other contracts Massy has or has had with other Louisiana companies were or are for services to be performed within the territories of Trinidad and Tobago or Guyana.[24] For these services, there are no Master Agreements or other formal contracts in place which specify governing law and jurisdiction.[25] Work orders or purchase orders are provided, but do not contain any, or extensive, terms and conditions or state governing law or jurisdiction.[26] Then, invoices are issued by Massy which state terms and conditions on the underside, which are stated to be the contract between the parties, but do not contain terms on governing law or jurisdiction.[27] Paramount, all services performed by Massy have been performed within the territory of Trinidad and Tobago and recently, in the territory of Guyana.[28]

Must Massy, a non-resident defendant, defend itself in Louisiana, when Massy's only contact with Louisiana is that it contracted with LA Machinery, a Louisiana company, to perform work in Trinidad? The Court should answer this in the negative.

---

Machinery Ltd. The Co-Operation Agreement was entered into between Tracmac Engineering and LA Machinery, prior to the name change.
[21] *See* Ex. A, at ¶ 24 and Declaration Ex. 1, at p. 1, "<u>PURPOSE OF AGREEMENT</u>".
[22] *See* Ex. A, at ¶ 25 and Declaration Ex. 1, at ¶¶ 1.4.5, 3.1, and 4.3.6.
[23] *See* Ex. A, at ¶ 26 and Declaration Ex. 1, at ¶ 6.6.
[24] *See* Ex. A, at ¶ 30.
[25] *See* Ex. A, at ¶ 31.
[26] *See* Ex. A, at ¶ 31.
[27] *See* Ex. A, at ¶ 31.
[28] *See* Ex. A, at ¶ 32.

As demonstrated below, Plaintiff's claims against Massy should be dismissed in their entirety because Massy is not subject to personal jurisdiction in Louisiana. Alternatively, Plaintiff's general maritime law claims for compensatory and punitive damages against Massy should be dismissed because they are time-barred.

## LAW AND ARGUMENT

**I.    Massy is Not Subject to Personal Jurisdiction in Louisiana.**

Plaintiff bears the burden of proving, by *prima facie* evidence, that this forum has personal jurisdiction over Massy. *See Luv n' Care, Ltd., v. Insta-Mix, Inc.*, 438 F.3d 465, 469 (5th Cir. 2006) (citing *Wyatt v. Kaplan*, 686 F.2d 276, 280 (5th Cir. 1982) ("Where a nonresident defendant challenges personal jurisdiction, the party seeking to invoke the power of the court bears the burden of proving jurisdiction exists.")). Plaintiff's Complaints do not allege that this Court has personal jurisdiction over Massy. Indeed, notably absent from Plaintiff's Complaints are any jurisdictional factual allegations, other than noting Massy is a "foreign corporation not authorized to do business in the State of Louisiana, but which is transacting business in Trinidad . . ."[29] The mere fact that the Complaints contain no facts supporting the exercise of personal jurisdiction over Massy supports dismissal of Plaintiff's Complaints against Massy.

The exercise of personal jurisdiction over Massy, a nonresident defendant, must not offend the Due Process Clause of the 14th Amendment. *See id.* (citing *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 319, 66 S. Ct. 154, 90 L. Ed. 95 (1945)). Due process ensures that Massy will not be subject to a binding judgment in Louisiana if it "has established no meaningful 'contacts, ties, or relations'" with the State. *Id.* A court may exercise "general jurisdiction" if the non-resident defendant has sufficient contacts with the state that are unrelated to the suit, or "specific jurisdiction" if the non-resident defendant has sufficient contacts with the state that are

---
[29] Rec. Doc. 16, at ¶ D.

related to the suit. *Id.* (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n.8, 415 n.9, 104 S. Ct. 1868, 80 L. Ed. 2d 404 (1984)). However, courts have imposed a safeguard whereby any exercise of personal jurisdiction must not "offend traditional notions of fair play and substantial justice." *Id.* (citing *Int'l Shoe Co.*, 326 U.S. at 316). Massy does not have sufficient contacts with Louisiana that meet either the general or specific jurisdiction requirements. Moreover, to require Massy to defend itself in suit in Louisiana would be unfair and unreasonable. In short, as established by the attached Declaration of Massy's Director, Ricky Maharaj, Plaintiff cannot meet his burden of proof, and this suit should be dismissed for lack of personal jurisdiction.

> **A. Massy has Insufficient Contacts with Louisiana to Support the Exercise of General Jurisdiction.**

Plaintiff cannot meet his burden of showing that Massy has sufficient contacts with Louisiana to support the exercise of general jurisdiction. To comport with the constitutional requirements of due process, Plaintiff must show that Massy has "continuous and systematic general business contacts" with Louisiana. *Luv n' Care, Ltd.,* 438 F.3d at 469 (citing *Helicopteros,* 466 U.S. at 414-15 n.9). The "continuous and systematic contacts test is a difficult one to meet, requiring extensive contacts between a defendant and a forum." *Johnston v. Multidata Systems Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008) (quoting *Submersible Systems, Inc. v. Perforadora Central, S.A.*, 249 F.3d 413, 419 (5th Cir. 2001)). Even "repeated contacts with forum residents by a foreign defendant may not constitute the requisite substantial, continuous and systematic contacts required for a finding of general jurisdiction." *Johnston*, 523 F.3d at 609 (quoting *Revell v. Lidov*, 317 F.3d 467, 471 (5th Cir. 2002)). "[V]ague and overgeneralized assertions that give no indication as to the extent, duration or frequency of contacts are insufficient to support general jurisdiction." *Johnston*, 523 F.3d at 610.

In a recent decision, *O'Berry v. Ensco Int'l, LLC*, this Court found that there was no general or specific jurisdiction for claims by a Jones Act seamen injured in Saudi Arabia against a company that was similarly situated to the Massy in this case. *See generally O'Berry*, 2017 U.S. Dist. Lexis 39260 (E.D. La. 2017). With regard to the question of general jurisdiction, the court found there was evidence in the record that Ensco plc contracted for a drilling rig that worked continuously in waters off the coast of Louisiana. *Id.* at *13. Nevertheless, the court recognized that Ensco plc was not incorporated and did not maintain a principle place of business in Louisiana. *Id.* at *13–14. As such, the district court could not and did not find general jurisdiction because of the high threshold established by the Supreme Court for circumstances to be truly exceptional before general jurisdiction could apply in a non-paradigm state. *Id.* at *14. *See also Daimler AG v. Bauman*, 571 U.S. 117, 139 n.19 (2014); *BNSF Ry. v. Tyrrell*, 137 S. Ct. 1549, 1558 (2017).

Here, Plaintiff cannot point to any facts which evince that Massy has now, or has ever had, a business presence in Louisiana. Massy has no operations in Louisiana – it does not maintain any offices, employees, agents, or places of business in Louisiana, and does no business within Louisiana.[30] Massy does not own or lease any real property in Louisiana.[31] Further, Massy maintains no bank accounts and pays no taxes in Louisiana.[32] Consequently, Massy does not have sufficient business contacts with Louisiana that support the exercise of general jurisdiction.

### B. Massy has Insufficient Contacts with Louisiana to Support the Exercise of Specific Jurisdiction.

Though Plaintiff has not alleged any facts that might be considered an attempt to justify specific jurisdiction, Plaintiff likely will argue that Massy is subject to specific jurisdiction in

---

[30] *See* Ex. A, at ¶¶ 5-21.
[31] *See* Ex. A, at ¶ 13.
[32] *See* Ex. A, at ¶¶ 18-19.

Louisiana. However, in his Complaints, Plaintiff makes clear that the incident from which he claims to be injured happened off the coast of Trinidad and Tobago.[33] Plaintiff does not and cannot allege any contact between that incident and the state of Louisiana. Further, Massy's contacts relating to the instant controversy are not enough to support the exercise of specific jurisdiction.

"In contrast to general, all-purpose jurisdiction, specific jurisdiction is confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (internal citations and quotations omitted). Last year, the Supreme Court emphasized the "[s]ettled principles" of how courts are to analyze specific jurisdiction. *See generally Bristol-Myers Squibb Co. v. Superior Court*, 137 S. Ct. 1773 (2017). Specifically, "[f]or a court to exercise specific jurisdiction over a claim there must be 'an affiliation between the forum and the underlying controversy, principally, an activity or an occurrence that takes place in the forum State." *Bristol-Myers Squibb Co.*, 137 S. Ct. at 1776 (quoting *Goodyear*, 564 U.S. at 919) (internal brackets omitted). To satisfy the due process standard, Plaintiff must show that sufficient contacts exist between Massy, Louisiana, and the instant controversy. *See Holt Oil & Gas Corp. v. Harvey*, 801 F.2d 773, 777 (5th Cir. 1986). This Court must determine whether these contacts support a finding that Massy purposefully availed itself of the benefits and protections of Louisiana law. *See id*.

In *O'Berry*, the Jones Act plaintiff was injured while participating in a mandatory water survival course in Saudi Arabia. *O'Berry,* 2017 U.S. Dist. Lexis 39260, at *2. The court noted the plaintiff, just like Plaintiff in this case, did not allege that the injuries leading to the litigation occurred in the subject forum, Louisiana. *Id.* The court concluded the only way specific

---

[33] Rec. Doc. 1, at ¶ 7; Rec. Doc. 16, at ¶ 30.

jurisdiction might apply would be if his injuries nevertheless arose out of or resulted from activities that Ensco plc purposefully directed at Louisiana. *Id.* at *16. In *O'Berry*, the plaintiff's factual rendition regarding an accident in Saudi Arabia provided no basis for the court to connect any activities by Ensco plc in Louisiana to the accident. *Id.* at *15–16.

The only connection Massy arguably has with Louisiana is its agreement with LA Machinery, a Louisiana company, related to services to be performed in Trinidad. That fact, standing alone, is not enough to support a finding that Massy purposefully availed itself of the protection and benefits of Louisiana.

It is well-settled Fifth Circuit precedent that "merely contracting with a resident of the forum state is insufficient to subject the nonresident to the forum's jurisdiction." *Id*. at 778. In *Hydrokinetics, Inc. v. Alaska Mechanical, Inc.*, 700 F.2d 1026 (5th Cir. 1983), the Fifth Circuit held that an Alaskan company did not purposefully avail itself of conducting business in Texas where no performance, other than payment, was to take place in the forum state. The Court found it significant that this was the Alaskan company's sole contact with Texas. *Id*. Equally important, the Court noted that the exchange of communications between Texas and Alaska in the development of the contract was insufficient to form a basis of specific jurisdiction. *Id*.

Likewise, in *Holt Oil*, the Fifth Circuit followed its rationale in *Hydrokinetics* and held that the defendant had insufficient contacts with the Texas forum relating to the controversy at issue to support specific jurisdiction. *Holt Oil*, 801 F.2d at 778. There, the defendant's only contacts were that he entered into a contract with the Texas-plaintiff, he sent a final operating agreement and three checks to Texas, and he engaged in telephone and written communications with the plaintiff. *Id*. According to the Fifth Circuit, the fact that performance of the contract occurred in a state outside of Texas outweighed the fact that the defendant mailed payments to Texas. *Id*. Moreover, the provision expressing that the contract would be governed by

9

Oklahoma law diminished the significance that the contract was finalized in Texas. *Id.* Finally, the communications between the parties were insufficient to constitute specific jurisdiction. *Id.* As the Court noted, the "communications to Texas rested on nothing but 'the mere fortuity that [the plaintiff] happen[ed] to be a resident of the forum.'" *Id.* (quoting *Patterson v. Dietze, Inc.*, 764 F.2d 1145, 1147 (5th Cir. 1985)).

In the instant case, as in *Hydrokinetics* and *Holt Oil*, the jurisdictional facts do not support the conclusion that Massy is subject to specific jurisdiction in Louisiana. Like the defendants in *Holt Oil* and *Hydrokinetics*, Massy does not regularly engage in business in Louisiana nor in any jurisdictions other than Trinidad and Tobago and Guyana; rather, this sole agreement between Massy and LA Machinery represents Massy's only relevant contact with Louisiana.[34] Under these circumstances great weight must be given to where performance of the contract was centered. *See St. Martin & Mahoney, APLC v. Diversified Aircraft Holdings, Ltd.*, 934 F. Supp. 200, 205 (E.D. La. 1996) (noting that "[i]n a case such as this one, in which the plaintiff is seeking to establish specific jurisdiction relating to a single transaction, one of the most pivotal considerations in determining whether there has been 'purposeful availment' is where the material performance of the contract was centered"). Here, Massy's agreement with LA Machinery called for the parties to provide services in Trinidad and Tobago.[35] All work and preparation for performance of the agreement took place in Trinidad and Tobago.[36]

Moreover, unlike the defendant in *Hydrokinetics*, Massy did not even travel to the forum state to close the deal.[37] See 700 F.2d 1026, 1029. Further, unlike the defendants in *Hydrokinetics* and *Holt Oil*, Massy did not contract with the plaintiff, but a co-defendant, LA

---

[34] *See* Ex. A and Declaration Ex. 1.
[35] *See* Ex. A, at ¶¶ 23-29 and Declaration Ex. 1.
[36] *See* Ex. A, at ¶ 27 and Declaration Ex. 1.
[37] *See* Ex. A, at ¶ 28.

Machinery.[38] Furthermore, as in *Hydrokinetics* and *Holt Oil*, the agreement at issue in this case has an express provision that it "shall be governed by the laws of the Republic of Trinidad and Tobago."[39] Thus, "[c]onsidering the facts of *Hydrokinetics*, only if this Court were of the opinion that 'less is more,' could [Massy's] contacts with the forum state . . . be considered sufficient to warrant the exercise of personal jurisdiction over [it] by this Court. *See St. Martin & Mahoney, APLC v. Patton*, 863 F. Supp. 311 (E.D. La. 1994) (finding that the non-resident defendant had even more facts in its favor than the non-resident defendant in *Hydrokinetics*).

In conclusion, in keeping with the Fifth Circuit's precedent, the mere fact that Massy contracted with a company that happened to be in Louisiana is not enough to prove that Massy availed itself of the benefits and protections of Louisiana. *See DNH, LLC. v. In-N-Out Burgers*, 381 F. Supp. 2d 559, 565 (E.D. La. 2005). As such, Plaintiff cannot provide any facts that support Massy being subject to Louisiana's jurisdiction. Accordingly, Plaintiff's claims against Massy should be dismissed for lack of personal jurisdiction.

## II. Plaintiff's General Maritime Law Claims against Massy are Time-Barred.

Massy hereby adopts and incorporates all arguments of Caterpillar as expressed in its Motion to Dismiss (Rec. Doc. 25), pursuant to Fed. R. Civ. P. 10(c). Further, Massy submits the following facts support its assertion that Plaintiff's general maritime law claims against it are untimely:

- The alleged repairs performed by Louisiana Machinery Company, LLC occurred on August 11, 2014, December 16, 2014, January 1, 2015, and January 15, 2015.[40]
- Plaintiff's incident allegedly occurred January 21, 2015.[41]
- Plaintiff filed his Complaint against OSV on May 24, 2015.[42]

---

[38] *See* Ex. A, at Declaration Ex. 1.
[39] *See* Ex. A, at ¶ 26 and Declaration Ex. 1, at ¶ 6.6.
[40] Rec. Doc. 16, at ¶¶ 32-35.
[41] Rec. Doc. 1, ¶ 7; Rec. Doc. 16, at ¶ 30.

- Plaintiff filed his First Supplemental and Amending Complaint seeking to add Massy as a defendant on April 16, 2018, over three years following the subject incident.[43]

As correctly asserted by Caterpillar and LA Machinery, and noting Plaintiff's prior correspondence of no opposition and this Honorable Court's prior Order dismissing Plaintiff's general maritime law claims against Caterpillar and LA Machinery,[44] these same claims against Massy are untimely and must be dismissed as well.

## CONCLUSION

Plaintiff cannot meet his burden of proving that this Court can exercise personal jurisdiction over Massy. The exercise of personal jurisdiction over Massy would offend the Due Process Clause of the 14th Amendment. Massy does not have sufficient contacts with the State of Louisiana to support general jurisdiction. Likewise, merely contracting with LA Machinery, a Louisiana company, for work to be performed in Trinidad, is insufficient to support the exercise of specific jurisdiction. Moreover, subjecting Massy to jurisdiction in Louisiana would offend traditional notions of fair play and substantial justice. Alternatively, Plaintiff's general maritime claims against Massy must be dismissed on the basis that such claims are untimely and barred by the applicable statute of limitations.

For these reasons, Massy respectfully requests that this Honorable Court grant its Motion and dismiss this action against Massy for lack of personal jurisdiction, or in the alternative, dismiss Plaintiff's general maritime law claims against Massy because they are time-barred.

**[signature on next page]**

---

[42] Rec. Doc. 1.
[43] Rec. Doc. 16.
[44] *See* Rec. Docs. 1, ¶ 7; Rec. Doc. 16, at ¶ 30.

Respectfully submitted:

**ADAMS AND REESE LLP**

*/s/ Gerard J. Gaudet*
William B. Gaudet (#1374)
Gerard J. Gaudet (#35139)
701 Poydras Street, Suite 4500
New Orleans, Louisiana 70139
Telephone: (504) 581-3234
Telefax: (504) 566-0210
Billy.Gaudet@arlaw.com
Gerard.Gaudet@arlaw.com

*Counsel for Massy Machinery Ltd. d/b/a Massy CAT*

## CERTIFICATE OF SERVICE

I hereby certify that on the 1st day of April, 2019, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send a notice of electronic filing to all CM/ECF participants.

*/s/ Gerard J. Gaudet*
GERARD J. GAUDET