# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ROBBIN E BLYTHE** | **CIVIL ACTION** |
| **VERSUS** | **CASE NO. 17-5184** |
| **OFFSHORE SERVICE VESSELS, L.L.C., et al.** | **SECTION: "G" (4)** |

## ORDER AND REASONS

Pending before this Court is Defendant Massy Machinery Ltd.'s ("Massy") "Motion to Dismiss."[1] In this litigation, Plaintiff Robbin Blythe ("Plaintiff") alleges that Defendants Louisiana Machinery Company, LLC ("Louisiana Machinery"), Offshore Service Vessels, L.L.C. ("OSV"), Caterpillar Inc. ("Caterpillar"), and Massy are liable for injuries he incurred from a fire while working aboard the vessel AHTS EDISON CHOUEST.[2] Accordingly, Plaintiff brings this action pursuant to the Jones Act,[3] general maritime law, and the tort laws of Trinidad and Tobago.[4] In the instant motion, Massy argues that the Court lacks personal jurisdiction over it because it is a Trinidad and Tobago corporation and does not have sufficient minimum contacts with the state of Louisiana.[5] In opposition, Plaintiff contends that the Court has personal jurisdiction over Massy because Massy has sufficient contacts with Louisiana.[6] Having considered the motion, the memoranda in support and opposition, and the applicable law, the Court will grant the motion.

---

[1] Rec. Doc. 44.

[2] Rec. Doc. 43 at 1–2.

[3] 46 U.S.C.A. §30104

[4] Rec. Doc. 1 at 1.

[5] Rec. Doc. 44-1.

[6] Rec. Doc. 56.

1

# I. Background

## A.    *Factual Background*

Plaintiff, a citizen and resident of Panama, alleges that on January 21, 2015, he suffered injuries, specifically post-traumatic stress disorder, as the result of being trapped aboard the vessel AHTS EDISON CHOEST while a fire occurred in the engine room.[7] Plaintiff alleges that at the time, he was employed as a "seaman" for OSV, a Louisiana company that owned and operated the vessel.[8] Plaintiff alleges that when the fire occurred, the vessel was located off the coast of Trinidad and Tobago.[9] Plaintiff alleges that inspections and/or engine work that Massy, a corporation organized under the laws of Trinidad, performed in August 2014, December 2014, and January 2015, caused or contributed to his alleged injuries.[10]

## B.    *Procedural Background*

Plaintiff filed a complaint in this Court on May 24, 2017, bringing claims solely against OSV under the Jones Act and general maritime law.[11] Plaintiff then filed a supplemental and amended complaint on April 16, 2018, with leave of Court, adding claims against Caterpillar, Louisiana Machinery, and Massy under general maritime law and under the laws of Trinidad and Tobago.[12]

---

[7] Rec. Doc. 1 at 1–2

[8] *Id.*

[9] *Id.*

[10] Rec. Doc. 16, at ¶¶ 32-35, 37 and 40.

[11] Rec. Doc. 1.

[12] Rec. Doc. 16.

On June 13, 2018, Defendant Caterpillar filed a motion to dismiss Plaintiff's general maritime law claims against Caterpillar.[13] On July 13, 2018, Defendant Louisiana Machinery filed a similar motion to dismiss Plaintiff's general maritime law claims against Louisiana Machinery.[14] On August 29, 2018, the Court granted both motions to dismiss, dismissing Plaintiff's general maritime law claims against Caterpillar and Louisiana Machinery, but reserving all remaining claims arising under the laws of Trinidad and Tobago.[15]

On March 19, 2019, Defendant Louisiana Machinery filed a motion for summary judgment, arguing that Plaintiff cannot prove that the laws of Trinidad and Tobago apply, thus the remaining claims based on these laws should be dismissed.[16] On April 29, 2019, the Court denied the motion, finding a dispute of material fact regarding the shipowner's base of operations.[17]

On April 1, 2019, Massy filed the instant motion, arguing that it does not have sufficient minimum contacts with Louisiana to establish personal jurisdiction.[18] On April 16, 2019, Plaintiff filed an opposition.[19] On April 25, 2019, with leave of Court, Massy filed a reply to Plaintiff's opposition.[20] On April 29, 2019, with leave of Court, Plaintiff filed a sur-reply to Massy's reply.[21]

---

[13] Rec. Doc. 25.

[14] Rec. Doc. 30.

[15] Rec. Doc. 34.

[16] Rec. Doc. 43.

[17] Rec. Doc. 69.

[18] Rec. Doc. 44.

[19] Rec. Docs. 56.

[20] Rec. Doc. 68.

[21] Rec. Docs. 71.

## II. Parties' Arguments

### A.    Massy's Arguments in Support of the Motion to Dismiss

In the instant motion, Massy argues that it is not subject to personal jurisdiction in Louisiana and therefore, the claims against Massy should be dismissed pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure.[22] Massy first argues that it has insufficient contacts with Louisiana to support the exercise of general jurisdiction.[23] Massy next argues that it has insufficient contacts with Louisiana to support the exercise of specific jurisdiction.[24] Massy argues that merely contracting with a company in Louisiana is not enough to show that Massy availed itself of the benefits and protections of Louisiana to support a finding of specific jurisdiction.[25] Lastly and in the alternative, Massy argues that Plaintiff's general maritime claims against it should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure because the claims are untimely and barred by the applicable statute of limitations.[26]

Massy first argues that it has insufficient contacts with Louisiana to support the exercise of general jurisdiction.[27] Massy argues that Plaintiff must show that Massy has continuous and systematic contacts with Louisiana to satisfy the constitutional requirements of due process.[28] Massy contends that this is a difficult burden to meet because even "repeated contacts with forum

---

[22] Rec. Doc. 44-1 at 1.

[23] *Id*. at 5.

[24] *Id*. at 7.

[25] *Id*. at 11.

[26] *Id*. at 2.

[27] Rec. Doc. 44-1 at 6.

[28] *Id*. (citing *Luv n' Care, Ltd., v. Insta-Mix, Inc.*, 438 F.3d 465, 469 (5th Cir. 2006)).

residents by a foreign defendant may not constitute the requisite substantial, continuous and systematic contacts required for a finding of general jurisdiction."[29] Massy asserts that because it does not maintain any offices, employees, agents, or places of business in Louisiana, it therefore does not have sufficient business contacts with Louisiana to support the exercise of general jurisdiction.[30]

Massy next argues that it has insufficient contacts with Louisiana to support the exercise of specific jurisdiction.[31] Massy argues that to establish specific jurisdiction, Plaintiff must show that sufficient contacts exist between Massy, Louisiana, and the instant controversy.[32] Massy asserts that the Court must determine whether those contacts support a finding that Massy purposefully availed itself of the benefits and protections of Louisiana law.[33] Massy argues that the only possible connection Massy has with Louisiana is its agreement with Louisiana Machinery, a Louisiana company; Massy contends this agreement on its own is insufficient to support a finding that Massy purposefully availed itself of the protection and benefits of Louisiana.[34] Massy argues that in the Fifth Circuit, merely contracting with a resident of a forum is insufficient to establish jurisdiction over a nonresident.[35] Further, Massy argues, the contract called for service in Trinidad

---

[29] *Id.* at 6 (citing *Johnston v. Multidata Systems Int'l Corp.,* 523 F.3d 602, 609 (5th Cir. 2008)).

[30] *Id.* at 7 (citing Rec. Doc. 44-2).

[31] *Id.*

[32] *Id.* at 8.

[33] *Id.*

[34] Rec. Doc. 44-1 at 9.

[35] *Id.* at 9–10 (citing *Hydrokinetics, Inc. v. Alaska Mechanical, Inc.*, 700 F.2d 1026 (5th Cir. 1983); *Holt Oil & Gas Corp.*, 801 F.2d at 777).

and Tobago and Massy did not even travel to Louisiana to sign the agreement.[36]

In the alternative, Massy argues that Plaintiff's general maritime claims against it should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure because the claims are untimely and barred by the applicable statute of limitations.[37] Massy argues that this Court has already dismissed Plaintiff's general maritime law claims against Caterpillar and Louisiana Machinery.[38] Massy adopts and incorporates all arguments of Caterpillar as expressed in its Motion to Dismiss[39] pursuant to Federal Rule of Civil Procedure 10(c).[40]

## B.     *Plaintiff's Arguments in Opposition to the Motion to Dismiss*

In response, Plaintiff argues that this Court can exercise personal jurisdiction over Massy because Massy purposefully availed itself of the protections of the laws of Louisiana by contracting with Louisiana Machinery.[41] Plaintiff contends that by contracting with a Louisiana company, Massy contemplated interaction with Louisiana, which provides sufficient contact such that Massy could reasonably expect they would be haled into court in Louisiana.[42] Lastly, Plaintiff argues that exercising jurisdiction over Massy does not offend the traditional notions of fair play

---

[36] *Id*. at 10-11.

[37] *Id*. at 2.

[38] *Id*. (citing Rec. Docs. 25, 30, 32, and 34).

[39] Rec. Doc. 25.

[40] Rec. Doc. 44-1 at 11.

[41] Rec. Doc. 56 at 1.

[42] Rec. Doc. 56 at 1.

and substantial justice.[43] Plaintiff concedes that this Court does not have general jurisdiction over Massy and therefore only addresses specific jurisdiction.[44]

Plaintiff argues that in analyzing jurisdiction, courts consider whether the defendant derived benefit from his interstate activities and whether is was foreseeable that defendant would be haled into court in the forum state.[45] Plaintiff asserts that physical presence in the state is not required for a court to assert specific jurisdiction over a defendant.[46] Rather, if defendant directs his activities to the forum state, that is sufficient to establish jurisdiction.[47] Here, Plaintiff argues that while Massy's alleged negligent acts in servicing the engine equipment occurred outside of Louisiana, it was foreseeable that the injury would be felt in Louisiana because the AHTS EDISON CHOUEST is owned and operated by a Louisiana company.[48] Plaintiff alleges that "Massy knew that the AHTS EDISON CHOUEST was owned and operated by a Louisiana company and would return to its port there."[49] Plaintiff argues it was therefore foreseeable that negligent work on the engine equipment would harm Louisiana property or citizens.[50] Therefore, Plaintiff argues that his injuries arise directly from Massy's Louisiana contacts.[51]

---

[43] *Id.*

[44] *Id.* at 6.

[45] *Id.* at 7 (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 473–74 (2010)).

[46] *Id.* at 8 (citing *Burger King*, 471 U.S. at 476).

[47] *Id.* at 7–8 (citing *Travelers Health Assn. v. Virginia*, 339 U.S. 643, 647 (1950)).

[48] *Id.* at 8.

[49] *Id.* (citing Rec. Doc. 56-3).

[50] Rec. Doc. 56 at 9.

[51] *Id.*

Plaintiff further argues that Massy purposefully availed itself by deriving economic benefit from its contract with Louisiana Machinery, a Louisiana company.[52] Plaintiff argues that the fact that Massy did not physically enter the forum state does not mean it can avoid jurisdiction.[53] Therefore, Plaintiff argues he has "made a *prima facie* showing of specific jurisdiction by alleging facts which demonstrate that (1) Massy has minimum contacts with Louisiana via its contract to do business with Louisiana Machinery in Trinidad and Tobago and purposely availed itself of those privileges and (2) his cause of action arises out of or results from Massy's Louisiana-related contracts; i.e. its business operations with Louisiana Machinery."[54]

Finally, Plaintiff does not oppose the dismissal of his general maritime law claims against Massy arising under the laws of the United States, but does explicitly reserve and maintain all causes of action against Massy that arise under the laws of Trinidad and Tobago, and which Plaintiff argues were timely filed pursuant to the laws of Trinidad and Tobago.[55]

**C.** **Massy's Arguments in Further Support to the Motion to Dismiss**

In reply, Massy argues that it has not purposefully availed itself of the benefits and protections of Louisiana law and that Plaintiff's cause of action does not arise out of any contacts Massy has with Louisiana.[56] Lastly, Massy argues that even if Plaintiff were able to meet his

---

[52] *Id*. at 9–10.

[53] *Id*. at 10.

[54] *Id*. at 11.

[55] *Id*. (citing Rec. Doc. 56-4).

[56] Rec. Doc. 68 at 1–6.

burden of proving its prima facie case, exercising personal jurisdiction over Massy would offend traditional notions of fair play and substantial justice.[57]

First, Massy argues that it has not purposefully availed itself of the benefits and protections of Louisiana law.[58] Massy reiterates that merely contracting with a resident in the forum is insufficient to establish jurisdiction.[59] Massy asserts that its only relevant contact to Louisiana is its agreement with Louisiana Machinery, it does not have a contract with Plaintiff and that all obligations under the agreement were performed in Trinidad and Tobago.[60] Therefore, Massy argues it only purposefully availed itself of the protections of the laws of Trinidad and Tobago, and could only foresee being haled into court in Trinidad and Tobago, not Louisiana.[61]

Second, Massy argues that Plaintiff's cause of action does not arise out of any contacts Massy has with Louisiana.[62] Massy reiterates that its agreement with Louisiana Machinery is a Trinidad-related contact.[63] Massy contends that "the agreement was finalized in Trinidad and Tobago, the agreement is governed by the laws of Trinidad and Tobago, and all of the work performed pursuant to the agreement was performed in Trinidad and Tobago."[64] Further, Massy

---

[57] *Id*. at 6.

[58] *Id*. at 1.

[59] *Id*. at 2.

[60] *Id*. (citing Rec. Doc. 44-2, at p. 3, ¶ 25, p. 6, ¶ 1.4.5, p. 7, ¶3.1, and p. 8, ¶ 4.3.6).

[61] *Id*. at 3.

[62] *Id*.

[63] Rec. Doc. 68 at 3.

[64] *Id*. (citing Rec. Doc. 44-2, at p. 3, ¶¶ 25-28, p. 6, ¶ 1.4.5, p. 7, ¶3.1, p. 8, ¶ 4.3.6, and p. 13, ¶ 6.6).

argues that the Complaint contains no allegations that his cause of action against Massy arises out of any alleged contacts with Louisiana.[65]

Third, Massy argues that even if Plaintiff were able to meet his burden of proving a *prima facie* case, exercising personal jurisdiction over Massy would offend traditional notions of fair play and substantial justice.[66] Massy asserts that to determine whether personal jurisdiction would be fair and reasonable, courts consider "(1) the burden on the nonresident defendant, (2) the forum state's interests, (3) the plaintiff's interest in securing relief, (4) the interest of the interstate judicial system in the efficient administration of justice, and (5) the shared interest of the several states in furthering fundamental social policies."[67] Massy contends the burden of having to defend itself in Louisiana from Trinidad and Tobago is great.[68] Massy also argues that Trinidad has a greater interest in the dispute than Louisiana because, among other reasons, Trinidad is where the agreement was finalized and performed.[69] Moreover, Massy notes that the alleged negligent repairs at the heart of this dispute were performed in Trinidad.[70] Conversely, "Louisiana's only interest in this case emanates from the fact that other defendants, not even plaintiff, are Louisiana citizens."[71] Therefore, Massy argues that if Plaintiff can make a *prima facie* case for exercising

---

[65] *Id.* at 3 (citing Rec. Docs. 1 and 16).

[66] *Id.* at 6.

[67] *Id.* (citing *Luv N' Care, Ltd.*, 438 F.3d at 473.

[68] *Id.*

[69] Rec. Doc. 68 at 7.

[70] Rec. Doc. 68 at 7.

[71] *Id.*

personal jurisdiction, and the Court should decline to exercise personal jurisdiction over Massy because doing so would offend traditional notions of fair play and substantial justice.[72]

## D. Plaintiff's Arguments in Further Support of the Motion for Summary Judgment

In reply, Plaintiff argues that Massy has sufficient contacts with Louisiana arising out of Plaintiff's cause of action and that the Court's exercise of personal jurisdiction is fair and reasonable.[73] Plaintiff asserts that a case relied upon by Massy, *Holt Oil & Gas Corp. v. Harvey*, is distinguishable because the contract there was a single one-time purchase agreement of an airplane, whereas here the contract is a continuous agreement to provide service.[74] Plaintiff argues that Massy benefited economically from its contract with Louisiana Machinery through it indirect services provided to Louisiana residents.[75] Plaintiff contends that "Massy misinterprets Plaintiff's choice-of-law and choice-of forum arguments."[76] Lastly, Plaintiff argues that it is fair for this Court to exercise personal jurisdiction over Massy.[77] Plaintiff argues that Massy has already retained local counsel and that Louisiana has a strong interest in this dispute because it involves Louisiana companies.[78]

---

[72] *Id.* at 7–8.

[73] Rec. Doc. 71 at 1.

[74] *Id.* at 1–2.

[75] *Id.* at 2.

[76] *Id.*

[77] *Id.* at 3.

[78] Rec. Doc. 71 at 3.

### III. Legal Standard

Federal Rule of Civil Procedure 12(b)(2) provides for dismissal of a plaintiff's claims if there is a lack of personal jurisdiction over a defendant.[79] The party seeking to invoke the power of the Court "bears the burden of establishing jurisdiction, but need only present *prima facie* evidence."[80] In determining whether a *prima facie* case exists, "[t]he court shall accept as true that party's uncontroverted allegations (so long as the allegations are not merely conclusory) and resolve all factual conflicts in favor of the party seeking to invoke the court's jurisdiction."[81]

In cases arising under federal question jurisdiction, unless otherwise provided by federal law, the exercise of personal jurisdiction over a nonresident defendant must comport with (1) the forum state's long-arm statute and (2) the Due Process Clause of the Fourteenth Amendment.[82] "Federal Rule of Civil Procedure 4(k)(1)(A) confers personal jurisdiction over any defendant who would be subject to personal jurisdiction under the long-arm statute of the state in which the district court sits."[83] "The limits of the Louisiana long-arm statute are coextensive with constitutional due process limits."[84] Therefore, the relevant inquiry here is whether subjecting a defendant to suit in Louisiana would be consistent with the Due Process Clause of the Fourteenth Amendment.

---

[79] *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999); *Companion Property and Cas. Ins. Co. v. Palermo*, 723 F.3d 557, 559 (5th Cir. 2013).

[80] *Revell v. Lidov*, 317 F.3d 467, 469 (5th Cir. 2002) (citations omitted).

[81] *Central Freight Lines Inc. v. APA Transp. Corp.*, 322 F.3d 376, 380 (5th Cir. 2003) (citing *Alpine View Co. v. Atlas Copco A.B.*, 205 F.3d 208, 214 (5th Cir. 2000)).

[82] *Omni Capital Int'l v. Rudolf Wolff & Co.*, 484 U.S. 97, 104-05 (1987)).

[83] *ITL Int'l, Inc. v. Constenla, S.A.*, 669 F.3d 493, 497 (5th Cir. 2012).

[84] *See Jackson v. Tanfoglio Giuseppe, SRL*, 615 F.3d 579, 584 (5th Cir. 2010).

A court may exercise jurisdiction over a nonresident on the basis of specific or general jurisdiction.[85] Specific jurisdiction requires a plaintiff to demonstrate that: "(1) there are sufficient (i.e., not random, fortuitous, or attenuated) pre-litigation connections between the non-resident defendant and the forum; (2) the connection has been purposefully established by the defendant; and (3) the plaintiff's cause of action arises out of or is related to the defendant's forum contacts."[86] If a plaintiff makes such a showing, the defendant can still defeat the exercise of specific jurisdiction by showing that it would nevertheless fail the fairness test.[87] General jurisdiction requires a showing of "substantial, continuous, and systematic" contacts between a non-resident defendant and a forum.[88] "The continuous and systematic contacts test is a difficult one to meet, requiring extensive contacts between a defendant and a forum."[89]

A district court has "considerable procedural leeway" on how it resolves a pretrial motion to dismiss for lack of personal jurisdiction.[90] The district court "may determine the motion on the basis of affidavits alone; or it may permit discovery in aid of the motion; or it may conduct an evidentiary hearing on the merits of the motion."[91] When a district court does not conduct an

---

[85] *Pervasive Software, Inc. v. Lexware GmbH & Co. Kg.*, 688 F.3d 214, 221 (5th Cir. 2012)

[86] *Id.*

[87] *Id.* at 221–22.

[88] *Johnston*, 523 F.3d at 609 (5th Cir. 2008) (citing *Helicópteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414-19 (1984)).

[89] *Id.* (citing *Submersible Sys., Inc. v. Perforadora Cent., S.A.*, 249 F.3d 413, 419 (5th Cir. 2001)).

[90] *Marine Midland Bank, N.A. v. Miller*, 664 F.2d 899, 904 (5th Cir.1981).

[91] *Marine Midland Bank, N.A*, 664 F.2d at 904.

evidentiary hearing, "the party seeking to assert jurisdiction is required only to present sufficient facts to make out a prima facie case supporting jurisdiction."[92]

The Fifth Circuit has articulated a three-step personal jurisdiction inquiry: "(1) whether the defendant . . . purposely directed its activities toward the forum state or purposely availed itself of the privileges of conducting activities there; (2) whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable."[93] "Specific jurisdiction focuses on the relationship among the defendant, the forum, and the litigation."[94] "Even where a defendant has no physical presence in the forum state, a single purposeful contact is sufficient to confer personal jurisdiction if the cause of action arises from the contact."[95] This Court may exercise specific jurisdiction over a nonresident corporation when the corporation (1) "has purposefully directed its activities" at the forum and (2) "the litigation results from alleged injuries that arise out of or relate to those activities."[96] If a plaintiff makes a *prima facie* showing on these two points, then "the burden shifts to [the defendant] to show that exercising jurisdiction would be unfair or unreasonable."[97]

---

[92] *Central Freight Lines Inc.*, 322 F.3d at 380 (citing *Alpine View Co.*, 205 F.3d at 214); *see also Data Disc., Inc. v. Sys. Tech. Assoc., Inc.*, 557 F.2d 1280, 1285 (5th Cir. 1977).

[93] *Luv N' Care, Ltd.*, 438 F.3d at 469.

[94] *Monkton Ins. Servs., Ltd. v. Ritter*, 768 F.3d 429, 429 (5th Cir. 2014). (quoting *Walden v. Fiore*, 134 S. Ct. 1115, 1121 (2014)).

[95] *Nuovo Pignone, SpA v. STORMAN ASIA M/V*, 310 F.3d 374, 379 (5th Cir. 2002).

[96] *Quick Techs., Inc. v. Sage Grp. PLC*, 313 F.3d 338, 344 (5th Cir.2002).

[97] *Monkton*, 768 F.3d at 433 (citations omitted).

The Fifth Circuit has consistently held that "merely contracting with a resident of the forum state is insufficient to subject the nonresident to the forum's jurisdiction."[98] The Court must analyze the contract to determine whether the "defendant purposely established minimum contacts within the forum."[99] The Fifth Circuit has "recogniz[ed] that a contract is ordinarily but an intermediate step serving to tie up prior negotiations and future consequences which themselves are the real object of the business transaction" and instructs that "[t]he factors of prior negotiations and contemplated future consequences, along with the terms of the contract and the parties' actual course of dealing must be evaluated in determining whether the defendant purposefully established minimum contacts within the forum."[100] When considering the communications that preceded contract formation, courts should also assess whether the contract envisioned "continuing obligations and wide-reaching contacts" between the defendant and the forum state.[101] Additionally, courts find the "place of contracting" relevant and give "weighty consideration" to where the performance under the contract was due.[102] Lastly, a choice-of-law provision in a contract is considered a significant factor.[103]

---

[98] *Holt Oil & Gas Corp.*, 801 F.2d at 778; *see also Freudensprung v. Offshore Technical Servs., Inc.*, 379 F.3d 327, 344 (5th Cir. 2004); *Colwell Realty Inv., Inc. v. Triple T Inns of Ariz., Inc.*, 785 F.2d 1330, 1334 (5th Cir. 1986); *Stuart v. Spademan*, 772 F.2d 1185, 1192-93 (5th Cir. 1985).

[99] *Electrosource, Inc. v. Horizon Battery Technologies, Ltd.*, 176 F.3d 867, 872 (5th Cir. 1999).

[100] *Id.*

[101] *Stuart*, 772 F.2d at 1194.

[102] *Command–Aire Corp. v. Ontario Mechanical Sales and Serv., Inc.*, 963 F.2d 90, 94 (5th Cir. 1992); *see also Holt Oil & Gas Corp.*, 801 F.2d at 778 (emphasizing the importance of the location where material performance of the contract occurs).

[103] *See Burger King Corp.*, 471 U.S. at 481–82 (observing that in evaluating personal jurisdiction, "the Court of Appeals gave insufficient weight to provisions in the various franchise documents providing that all disputes would be governed by Florida law"); *Brammer Eng'g, Inc. v. E. Wright Mountain Ltd. P'ship*, 307 F. App'x

## IV. Analysis

Plaintiff concedes that this Court does not have general jurisdiction over Massy.[104] Therefore, the Court will only consider whether it has specific jurisdiction over Massy.

Massy argues that it is not subject to specific jurisdiction in Louisiana because Plaintiff does not prove that Massy has sufficient contacts with the state of Louisiana.[105] A court may exercise specific jurisdiction over a nonresident defendant if the defendant "purposely directed its activity at the forum state" and if the civil action arises from or is related to that activity.[106] "[I]t is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws."[107] "This 'purposeful availment' requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts, or of the 'unilateral activity of another party or a third person.'"[108] The Fifth Circuit has articulated a three-step personal jurisdiction inquiry: "(1) whether the defendant . . . purposely directed its activities toward the forum state or purposely availed itself of the privileges of conducting activities there; (2) whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and (3) whether the exercise of personal jurisdiction is fair and

---

845, 848 (5th Cir. 2009); *Holt Oil & Gas Corp.*, 801 F.2d at 778; *Hydrokinetics, Inc.*, 700 F.2d at 1031.

[104] Rec. Doc. 56 at 6.

[105] Rec. Doc. 44-1 at 1.

[106] *Central Freight Lines Inc.*, 322 F.3d at 380 (quoting *Burger King Corp.*, 471 U.S. at 462).

[107] *Hanson v. Denckla*, 357 U.S. 235, 253 (1958).

[108] *Burger King*, 471 U.S. at 475, (quoting *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 774 (1984); *World–Wide Volkswagen*, 444 U.S. at 299; *Helicópteros Nacionales de Colombia, S.A.*, 466 U.S. at 417).

reasonable."[109] Plaintiff argues that Massy has minimum contacts with Louisiana via its contract with Louisiana Machinery.[110] Therefore, the Court must determine whether Massy's contract with a Louisiana company is sufficient for the exercise of specific jurisdiction over Massy in this case.

Plaintiff does not dispute that Massy does not have a physical presence in Louisiana. It is a Trinidad and Tobago corporation that does not have an office, place of business, employees or agents in Louisiana.[111] Massy's only contact with Louisiana is a Co-Operation Agreement between it and Louisiana Machinery to provide service; the agreement was neither signed in Louisiana nor called for performance in Louisiana.[112] This limited contact is insufficient to support an exercise of specific jurisdiction.[113] The Fifth Circuit has repeatedly found that "merely contracting with a resident of the forum state is insufficient to subject the nonresident to the forum's jurisdiction."[114]

"[A]n individual's contract with an out-of-state party alone [cannot] automatically establish sufficient minimum contacts in the other party's home forum."[115] "The [Supreme] Court long ago rejected the notion that personal jurisdiction might turn on 'mechanical' tests, or on

---

[109] *Luv N' Care, Ltd.*, 438 F.3d at 469.

[110] Rec. Doc. 56 at 11.

[111] Rec. Doc. 44-2.

[112] Rec. Docs. 44-1 at 9, 68 at 2-3.

[113] *See Pervasive Software, Inc.*, 688 F.3d at 220 (finding that a defendant did not make minimum contacts with a forum or purposefully avail itself of the protections and benefits of that forum's laws by merely forming a contract).

[114] *Holt Oil & Gas Corp.*, 801 F.2d at 778; *see also Colwell Realty*, 785 F.2d at 1334; *Stuart*, 772 F.2d at 1192–93.

[115] *Burger King*, 471 U.S. at 478, 105 S.Ct. 2174.

'conceptualistic . . . theories of the place of contracting or of performance.' Instead, [the Supreme Court has] emphasized the need for a 'highly realistic' approach that recognizes that a 'contract' is 'ordinarily but an intermediate step serving to tie up prior business negotiations with future consequences which themselves are the real object of the business transaction.' It is these factors—prior negotiations and contemplated future consequences, along with the terms of the contract and the parties' actual course of dealing—that must be evaluated in determining whether the defendant purposefully established minimum contacts within the forum."[116]

The record does not reference any "prior negotiations" between Massy and Louisiana Machinery, but Massy alleges in the declaration of Massy's Director, Ricky Maharaj, that Massy did not travel to Louisiana to finalize this agreement; rather it was finalized in Trinidad and Tobago.[117] Thus, the Co-Operation Agreement was not "an intermediate step serving to tie up prior business negotiations" by the parties in Louisiana.[118] Further, the service contract here did not envision "continuing and wide-reaching contacts" between the parties in Louisiana.[119] In fact, performance of the contract was centered in Trinidad and Tobago, not Louisiana. Maharaj states that all obligations established by the agreement were performed in Trinidad and Tobago, all work and preparation for performance took place in Trinidad and Tobago, and all work Massy performed on the AHTS EDION CHOUEST's engine equipment were performed while the vessel was in

---

[116] *Burger King Corp.*, 471 U.S. at 478–79 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 319 (1945); *Hoopeston Canning Co. v. Cullen*, 318 U.S. 313, 316, 316–17 (1943)).

[117] Rec. Doc. 44-2 at 3.

[118] *Burger King Corp.*, 471 U.S. at 479 (citing *Hoopeston Canning Co.*, 318 U.S. at 317).

[119] *Burger King Corp.*, 471 U.S. at 480.

Trinidad and Tobago.[120] Furthermore, Maharaj declares that the Co-Operation Agreement at issue between Massy and Louisiana Machinery contains a choice-of-law provision providing that the agreement "shall be governed by the laws of the Republic of Trinidad and Tobago."[121] As noted above, a court should consider a choice-of-law provision in its analysis of personal jurisdiction.[122]

Despite this dearth of contacts, Plaintiff argues that by contracting with a Louisiana company, Massy contemplated interaction with Louisiana and derived a benefit from that contact.[123] This argument is unavailing.

Plaintiff argues that because "Massy knew that the AHTS EDISON CHOUEST was owned and operated by a Louisiana company and would return to its port there" exercising personal jurisdiction is appropriate.[124] The Fifth Circuit has held that even if a means of transportation is home-based in the forum, it may still be insufficient to support the exercise of jurisdiction in that forum. For example, in *Growden v. Ed Bowlin and Associates Inc.*, the Fifth Circuit held that the defendant, a Georgia corporation that resold used airplanes, had insufficient contacts with Louisiana.[125] The plaintiff in that case argued, in part, that the defendant had sufficient contacts

---

[120] Rec. Doc. 44-2 at 3.

[121] *Id.*

[122] *See Burger King Corp.*, 471 U.S. at 481–82 (observing that in evaluating personal jurisdiction, "the Court of Appeals gave insufficient weight to provisions in the various franchise documents providing that all disputes would be governed by Florida law"); *Brammer Eng'g, Inc.*, 307 F. App'x at 848; *Holt Oil & Gas Corp.*, 801 F.2d at 778; *Hydrokinetics, Inc. v. Alaska Mech., Inc.*, 700 F.2d 1026, 1031 (5th Cir. 1983).

[123] Rec. Doc. 56 at 1.

[124] Rec. Doc. 56 at 8 (citing Rec. Doc. 56-3).

[125] 733 F.2d 1149 (5th Cir. 1984).

because it "knew the plane would be home-based in Louisiana."[126] The Court held that the defendant's "knowledge that the plane would be home-based in Louisiana is [] insufficient to support the exercise of jurisdiction" because "the mobility of a plane would preclude any certain knowledge that the plane would only be used in Louisiana."[127] Relatedly, in *Charia v. Cigarette Racing Team, Inc.*, the Fifth Circuit found no jurisdiction over the defendant, a nonresident boat builder, even though defendant knew that the boat's home port would be in Louisiana.[128]

Plaintiff has not met his burden of establishing a *prima facie* case that Massy has the requisite minimum contacts with Louisiana for the Court to exercise personal jurisdiction over Massy. Accepting as true the facts alleged by Plaintiff, all of Massy's contacts giving rise to Plaintiff's claim took place in Trinidad and Tobago, not Louisiana. Therefore, Plaintiff does not make out a *prima facie* case that "defendant purposely established minimum contacts within the forum."[129]

Finally, the Court notes that Plaintiff has not requested any additional jurisdictional discovery to aid in consideration of this motion. Accordingly, because Plaintiff has not established that Massy has minimum contacts with Louisiana, the Court concludes that it does not have personal jurisdiction over Massy, and it need not evaluate whether exercising personal jurisdiction over Massy would "offend traditional notions of fair play and substantial justice."[130]

---

[126] *Id.* at 1151.

[127] *Id.* at 1152.

[128] 583 F.2d 184, 188 (5th Cir. 1978).

[129] *Electrosource, Inc.*, 176 F.3d at 872.

[130] *Central Freight Lines Inc.*, 322 F.3d at 381(quoting Mink, 190 F.3d at 336).

### V. Conclusion

As discussed above, for the Court to exercise personal jurisdiction, the nonresident defendant must have established "minimum contacts" with the forum state and the Court's exercise of personal jurisdiction cannot "offend traditional notions of fair play and substantial justice." In this case, Plaintiff has not presented sufficient facts to make out a *prima facie* case supporting that Massy has the requisite minimum contacts for the Court to exercise personal jurisdiction over Massy. Because the Court does not have personal jurisdiction over Massy, the Court will not reach the Rule 12(b)(6) arguments raised in the instant motion.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Dismiss[131] filed by Massy Machinery Ltd. is **GRANTED** and Plaintiff's claims against Massy are **DISMISSED WITHOUT PREJUDICE** for lack of personal jurisdiction.

**NEW ORLEANS, LOUISIANA**, this <u>30th</u> day of September, 2019.

**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[131] Rec. Doc. 44.