# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ROBBIN E BLYTHE** | **CIVIL ACTION** |
| **VERSUS** | **CASE NO. 17-5184** |
| **OFFSHORE SERVICE VESSELS, L.L.C., et al.** | **SECTION: "G" (4)** |

## ORDER AND REASONS

Pending before this Court is Defendant Louisiana Machinery Company, LLC's ("Louisiana Machinery") "Motion for Summary Judgment."[1] In this litigation, Plaintiff Robbin Blythe ("Plaintiff") alleges that Defendants Louisiana Machinery, Offshore Service Vessels, L.L.C. ("OSV"), Caterpillar Inc. ("Caterpillar"), and Massy Cat Ltd. ("Massy") are liable for injuries he incurred from a fire while working aboard the vessel AHTS EDISON CHOUEST.[2] Accordingly, Plaintiff brings this action pursuant to the Jones Act,[3] general maritime law, and the tort laws of Trinidad and Tobago.[4] On August 29, 2018, the Court dismissed the claims Plaintiff brought against Louisiana Machinery under general maritime law.[5] On March 19, 2019, Louisiana Machinery filed a motion for summary judgment, arguing that Plaintiff cannot prove that the laws of Trinidad and Tobago apply, thus the remaining claims based on these laws should be dismissed.[6]

---

[1] Rec. Doc. 78.

[2] Rec. Doc. 16.

[3] 46 U.S.C. § 30104.

[4] Rec. Doc. 1 at 1.

[5] Rec. Doc. 34.

[6] Rec. Doc. 43.

1

On April 29, 2019, the Court denied the motion, finding a dispute of material fact regarding the defendant's base of operations.[7] In the instant motion, Louisiana Machinery re-urges its prior Motion for Summary Judgment and argues that its base of operations is Louisiana.[8] In opposition, Plaintiff contends that the base of operations factor focuses on the operations of the transaction giving rise to the liability, not the corporate headquarters of the company and that therefore, the base of operation is in Trinidad and Tobago.[9] Having considered the motion, the memoranda in support and opposition and the applicable law, the Court will deny the motion.

## I. Background

### A. *Factual Background*

Plaintiff, a citizen and resident of Panama, alleges that on January 21, 2015, he suffered injuries, specifically post-traumatic stress disorder, as the result of being trapped aboard the vessel AHTS EDISON CHOEST while a fire occurred in the engine room.[10] Plaintiff alleges that at the time, he was employed as a "seaman" for OSV, a Louisiana company that owned and operated the vessel.[11] Plaintiff alleges that when the fire occurred, the vessel was located off the coast of Trinidad and Tobago.[12] Plaintiff alleges that Caterpillar manufactured the engine of the AHTS EDISON CHOEST, and provided training to technicians of their brand companies, Louisiana

---

[7] Rec. Doc. 69.

[8] Rec. Doc. 78-2.

[9] Rec. Doc. 79.

[10] Rec. Doc. 1 at 1–2

[11] *Id.*

[12] *Id.*

2

Machinery and Massy, in the servicing, repairing, and inspecting of its machinery and equipment.[13] Plaintiff further alleges that the inspections and/or engine work that Louisiana Machinery performed in November 2012 and August 2014; and that Massy performed in August 2014, December 2014, and January 2015, caused or contributed to his alleged injuries.[14]

### B. Procedural Background

Plaintiff filed a complaint in this Court on May 24, 2017, bringing claims solely against OSV under the Jones Act and general maritime law.[15] Plaintiff then filed a supplemental and amended complaint on April 16, 2018, with leave of Court, adding claims against Caterpillar, Louisiana Machinery, and Massy under general maritime law and under the laws of Trinidad and Tobago.[16]

On June 12, 2018, Defendant Caterpillar filed a motion to dismiss Plaintiff's general maritime law claims against Caterpillar.[17] On July 13, 2018, Defendant Louisiana Machinery filed a similar motion to dismiss Plaintiff's general maritime law claims against Louisiana Machinery.[18] On August 29, 2018, the Court granted both motions to dismiss, dismissing Plaintiff's general maritime law claims against Caterpillar and Louisiana Machinery, but reserving all remaining claims arising under the laws of Trinidad and Tobago.[19]

---

[13] Rec. Doc. 16 at 3.

[14] *Id.* at 4–5.

[15] Rec. Doc. 1.

[16] Rec. Doc. 16.

[17] Rec. Doc. 25.

[18] Rec. Doc. 30.

[19] Rec. Doc. 34.

3

On March 19, 2019, Louisiana Machinery filed a motion for summary judgment, arguing that Plaintiff cannot prove that the laws of Trinidad and Tobago apply, thus the remaining claims pending against Louisiana Machinery based on these laws should be dismissed.[20] On April 29, 2019, the Court denied the motion, finding a dispute of material fact regarding the defendant's base of operations.[21]

On April 1, 2019, Massy filed a motion to dismiss, arguing that it does not have sufficient minimum contacts with Louisiana to establish personal jurisdiction.[22]

On July 30, 2019, Louisiana Machinery filed the instant motion, arguing that its base of operations is Louisiana.[23] On August 6, 2019, Plaintiff filed an opposition.[24] On August 16, 2019, with leave of Court, Louisiana Machinery filed a reply.[25]

## II. Parties' Arguments

### A.   *Louisiana Machinery's Arguments in Support of the Motion for Summary Judgment*

In the instant motion, Louisiana Machinery re-urges its prior Motion for Summary Judgment,[26] which the Court denied,[27] specifically regarding the Court's analysis of the base of

---

[20] Rec. Doc. 43.

[21] Rec. Doc. 69.

[22] Rec. Doc. 44.

[23] Rec. Doc. 78.

[24] Rec. Doc. 79.

[25] Rec. Doc. 82.

[26] Rec. Doc. 43.

[27] *See* Rec. Doc. 69.

4

operations factor of the *Lauritzen-Romero-Rhoditis* test.[28] First, Louisiana Machinery argues that the facts show that the base of operations is Louisiana.[29] Second, Louisiana Machinery argues that the term "principal place of business" is synonymous with "base of operations" and that Louisiana Machinery's principal place of business is Louisiana.[30]

Louisiana Machinery argues that the base of operations refers to the location where a company performs its business operations or where its corporate decision making takes place.[31] Because Louisiana Machinery's business operations and corporate decision making occur from its home base in Reserve, Louisiana, Louisiana Machinery argues that Louisiana should be considered its base of operations.[32] Louisiana Machinery asserts that courts utilize several factors, including control, the location of the corporate headquarters and where the management of operations occurs to determine if a company's base of operation is in the United States.[33] Louisiana Machinery asserts that isolated repairs or maintenance activities in Trinidad and Tobago do not shift the base of operations from the United States.[34] In support of the motion, Louisiana Machinery attaches the affidavit of its employee Charles Donald, who states that Louisiana Machinery never moved

---

[28] Rec. Doc. 78 at 1.

[29] Rec. Doc. 78-2 at 5–7.

[30] *Id*. at 7–8.

[31] *Id*. at 4.

[32] *Id*. at 5.

[33] *Id*. at 5–6

[34] *Id*. at 6–7.

5

any of its day-to-day operation to Trinidad and Tobago.[35]

Louisiana Machinery also argues that courts use the term "base of operations" synonymously with "principal place of business."[36] Louisiana Machinery asserts that these cases show that the corporate nerve center is the principal place of business, and therefore the proper base of operations.[37] Louisiana Machinery argues that the Fifth Circuit utilizes a "total activity" test to determine the principal place of business, by looking to the nature, location, importance, and purpose of a corporation's activities, with the most important factor being the company's nerve center.[38] Louisiana Machinery asserts that Louisiana is the company's nerve center.[39]

### B. *Plaintiff's Arguments in Opposition to the Motion for Summary Judgment*

In response, Plaintiff argues that there is a genuine issue of material fact in dispute regarding the base of operations factor.[40] First, Plaintiff argues that under the *Lauritzen-Rhoditis-Romero* test, the "base of operations" factor does not refer to the defendant's corporate headquarters, but instead to the place from which the day-to-day activities of the business enterprise giving rise to the cause of action were conducted.[41] Second, Plaintiff argues that the terms "base of operations" and "principal place of business" are not used interchangeably by

---

[35] *Id*. at 6–7 (citing Rec. Doc. 78-4).

[36] *Id*. at 7 (citing *Gonzalez v. Naviera Neptuno A.A.*, 832 F.2d 876, 880–81 (5th Cir. 1987).

[37] *Id*. at 7.

[38] *Id*. at 7–8 (citing *Nauru Phosphate Royalties, Inc. v. Drago Daic Interests, Inc.*, 138 F.3d 160, 164 (5th Cir. 1998).

[39] *Id*.

[40] Rec. Doc. 79 at 2.

[41] *Id*. at 3.

courts.[42] Third, Plaintiff highlights the uniqueness of this case – in most choice of law cases, it is the foreign defendant who is involuntarily before a United States court, arguing for the application of foreign law whereas here, Plaintiff seeks application of foreign law and the defendant, a U.S. company, is arguing for application of foreign law.[43] Therefore, Plaintiff argues, the cases Louisiana Machinery cites are less relevant, because the factual situation is different.[44] Finally, Plaintiff reiterates that Louisiana Machinery performed regular service, maintenance and training in Trinidad and Tobago.[45]

C. *Louisiana Machinery's Arguments in Further Support to the Motion for Summary Judgment*

In reply, Louisiana Machinery asserts that the cases cited by Blythe stress the totality of the circumstances, even when discussing the base of operations factor.[46] Louisiana Machinery argues that here, there is overwhelming interest in applying the laws of the United States because Louisiana Machinery retained all essential operational functions from its main office in Reserve, Louisiana and did not create a subsidiary to operate in Trinidad.[47] Next, Louisiana Machinery argues that Plaintiff's discussion of the interchangeability of the terms "principal place of

---

[42] *Id.*at 6 (citing *Membreno v. Costa Crociere S.p.A.*, 425 F.3d 932, 936 (11th Cir. 2005)).

[43] *Id.* at 7–8.

[44] *Id.*

[45] *Id.*

[46] Rec. Doc. 82 at 2.

[47] *Id.* at 2–4.

business" and "base of operations" relies on decisions from other circuits that are not binding on this Court.[48]

### III. Legal Standard

#### A. *Legal Standard on a Motion for Reconsideration*

Rule 54(b) of the Federal Rules of Civil Procedure provides that an order adjudicating fewer than all the claims among all the parties "may be revised at any time" before the entry of a final judgment. Pursuant to Rule 54, a district court "possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient."[49] The Fifth Circuit has stated that a court may reconsider and reverse an interlocutory order for "any reason it deems sufficient, even in the absence of new evidence or an intervening change or in clarification of the new law."[50]

Courts in this district generally evaluate Rule 54(b) motions to reconsider interlocutory orders under the same standards that govern Rule 59(e) motions to alter or amend a final judgment.[51] The Court has "considerable discretion" in deciding whether to grant a motion for reconsideration, but must "strike the proper balance between two competing imperatives: (1)

---

[48] Rec. Doc. 82 at 5.

[49] *Melancon v. Texaco, Inc.*, 659 F.2d 551, 553 (5th Cir. 1981).

[50] *Zarnow v. City of Wichita Falls, Tex.*, 614 F.3d 161, 171 (5th Cir. 2010) (citing *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 185 (5th Cir.1990), *abrogated on other grounds by Little v. Liquid Air Corp.*, 37 F.3d 1069 (5th Cir.1994)).

[51] *See S. Snow Mfg. Co. v. SnoWizard Holdings, Inc.*, 921 F. Supp. 2d 548, 565 (E.D. La. 2013) (Brown, J.) (citing *Castrillo v. Am. Home Mortg. Servicing, Inc*., 2010 WL 1424398, at *3 (E.D. La. 2010) (Vance, J.); *Rosemond v. AIG Ins.*, No. 08–1145, 2009 WL 1211020, at *2 (E.D. La. May 4, 2009) (Barbier, J.); *In re Katrina Canal Breaches*, No. 05–4182, 2009 WL 1046016, at *1 (E.D. La. Apr. 16, 2009) (Duval, J.)).

finality and (2) the need to render just decisions on the basis of all the facts."[52] This Court's discretion is further bounded by the Fifth Circuit's instruction that reconsideration is "an extraordinary remedy that should be used sparingly,"[53] with relief being warranted only when the basis for relief is "clearly establish[ed]."[54] Courts in the Eastern District of Louisiana have generally considered four factors in deciding motions for reconsideration under the Rule 59(e) standard:

(1) the motion is necessary to correct a manifest error of law or fact upon which the judgment is based;

(2) the movant presents newly discovered or previously unavailable evidence;

(3) the motion is necessary in order to prevent manifest injustice; or

(4) the motion is justified by an intervening change in controlling law.[55]

A motion for reconsideration, "'[is] not the proper vehicle for rehashing evidence, legal theories, or arguments . . . .'"[56] Instead, such motions "serve the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence."[57] "It is well settled that motions for reconsideration should not be used . . . to re-urge matters that have

---

[52] *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 355 (5th Cir. 1993).

[53] *Templet v. Hydrochem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004).

[54] *Schiller v. Physicians Res. Grp, Inc.*, 342 F.3d 563, 567 (5th Cir. 2003); *Castrillo v. Am. Home Mortgage Servicing, Inc.*, No. 09-4369, 2010 WL 1424398, at *3 (E.D. La. Apr. 5, 2010) (Vance, J.).

[55] *See, e.g.*, *Castrillo v. Am. Home Mortg. Servicing*, No. 09-4369, 2010 WL 1424398, at *4 (E.D. La. Apr. 5, 2010) (Vance, J.) (citations omitted).

[56] *Id.* (quoting *Templet*, 367 F.3d at 478–79).

[57] *See Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989) (citation and internal quotation marks omitted).

9

already been advanced by a party."[58] When there exists no independent reason for reconsideration other than mere disagreement with a prior order, reconsideration is a waste of judicial time and resources and should not be granted.[59]

## B. *Legal Standard for Summary Judgment*

Summary judgment is appropriate when the pleadings, the discovery, and any affidavits show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[60] When assessing whether a dispute as to any material fact exists, the court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence."[61] All reasonable inferences are drawn in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment."[62] If the record, as a whole, "could not lead a rational trier of fact to find for the non-moving party," then no genuine issue of fact exists, and the moving party is entitled to judgment as a matter of law.[63] The nonmoving party may not rest upon the pleadings, but must identify specific facts in

---

[58] *Helena Labs. Corp. v. Alpha Sci. Corp.*, 483 F. Supp. 2d 538, 539 (E.D. Tex. 2007) (citing *Browning v. Navarro*, 894 F.2d 99, 100 (5th Cir. 1990)).

[59] *Livingston Downs Racing Ass'n v. Jefferson Downs Corp.*, 259 F. Supp. 2d 471, 481 (M.D. La. 2002). *See also Mata v. Schoch*, 337 B.R. 138, 145 (S.D. Tex. 2005) (refusing reconsideration where no new evidence was presented); *FDIC v. Cage*, 810 F. Supp. 745, 747 (S.D. Miss. 1993) (refusing reconsideration where the motion merely disagreed with the court and did not demonstrate clear error of law or manifest injustice).

[60] Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

[61] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398–99 (5th Cir. 2008).

[62] *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985); *Little*, 37 F.3d at 1075.

[63] *Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

the record and articulate the precise manner in which that evidence establishes a genuine issue for trial.[64]

The party seeking summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the record that it believes demonstrate the absence of a genuine issue of material fact.[65] Thereafter, the nonmoving party should "identify specific evidence in the record, and articulate" precisely how that evidence supports his claims.[66] To withstand a motion for summary judgment, the nonmoving party must show that there is a genuine issue for trial by presenting evidence of specific facts.[67] The nonmovant's burden of demonstrating a genuine issue of material fact is not satisfied merely by creating "some metaphysical doubt as to the material facts," "by conclusory allegations," by "unsubstantiated assertions," or "by only a scintilla of evidence."[68] Rather, a factual dispute precludes a grant of summary judgment only if the evidence presented by the nonmovant is sufficient to permit a reasonable trier of fact to find for the nonmoving party.[69] Further, a court "resolve[s] factual controversies in favor of the nonmoving party, but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts."[70] Hearsay

---

[64] *See Celotex*, 477 U.S. at 325; *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998).

[65] *Celotex*, 477 U.S. at 323.

[66] *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir.), *cert. denied*, 513 U.S. 871 (1994).

[67] *Bellard v. Gautreaux*, 675 F.3d 454, 460 (5th Cir. 2012) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1996)).

[68] *Little*, 37 F.3d at 1075.

[69] *Anderson*, 477 U.S. at 248.

[70] *Little*, 37 F.3d at 1075.

evidence and unsworn documents that cannot be presented in a form that would be admissible in evidence at trial do not qualify as competent opposing evidence.[71] Ultimately, summary judgment is appropriate in any case "where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant."[72]

## IV. Analysis

The Court previously denied Louisiana Machinery's Motion for Summary Judgment, finding a dispute of material fact remained regarding the defendant's base of operations.[73] Louisiana Machinery now re-urges its prior Motion for Summary Judgment, arguing that the United States is the base of operations of Louisiana Machinery.[74]

Louisiana Machinery has not presented any newly discovered or previously unavailable evidence, nor does Louisiana Machinery identify a manifest error of law or fact, or a change of law that would warrant granting the motion. Primarily, Louisiana Machinery's motion seeks only to rehash legal arguments previously consider by the Court. The only "new" evidence Louisiana Machinery provides is the affidavit of its employee Charles Donald ("Donald"), who states that Louisiana Machinery never moved any of its day-to-day operation to Trinidad and Tobago.[75] Louisiana Machinery could have presented this evidence in support of its first motion for summary

---

[71] Fed. R. Civ. P. 56(c)(2); *Martin v. John W. Stone Oil Distrib., Inc*., 819 F.2d 547, 549 (5th Cir. 1987).

[72] *Armstrong v. City of Dallas*, 997 F.2d 62 (5th Cir. 1993).

[73] Rec. Doc. 69.

[74] Rec. Doc. 79.

[75] Rec. Doc. 78-2 at 6–7 (citing Rec. Doc. 78-4).

judgment but chose not to do so. Furthermore, for the reasons discussed below, even considering this "new" evidence, Louisiana Machinery has not shown that reconsideration is warranted.

To begin, the Court must clarify its prior Order and Reasons denying summary judgment.[76] In opposition to the instant motion for summary judgment, Plaintiff states that "[t]his Court correctly found that [] a proper choice of law analysis dictates that the laws of Trinidad and Tobago apply here . . ."[77] Louisiana Machinery responded by stating "Blythe flatly misrepresents this Court's decision denying Louisiana Machinery's motion for summary judgment. This Court denied summary judgment, finding an issue of fact about the base of operations factor. It did not rule – and Blythe did not request – that the laws of Trinidad and Tobago apply here."[78] As Louisiana Machinery notes, this Court did not find that "a proper choice of law analysis dictates that the laws of Trinidad and Tobago apply here."[79] Rather, the Court determined that "deposition testimony presented by Plaintiff creates a question of fact related to where the day-to-day operations regarding the control of and maintenance on of the vessel occurred" and because of that "this factor *may* weigh in favor of applying the laws of Trinidad."[80] In denying Louisiana Machinery's motion for summary judgment, the Court did not decide the choice of law issue, but found that a dispute as to a material fact prevented the Court from deciding the issue at the summary judgment stage.

---

[76] Rec. Doc. 69.

[77] Rec. Doc. 79 at 1.

[78] Rec. Doc. 82 at 1.

[79] Rec. Doc. 79 at 1.

[80] Rec. Doc. 69 at 21 (emphasis added).

13

Regarding the base of operations factor, Louisiana Machinery now argues that "[t]he jurisprudence generally affords this factor little weight."[81] Because the *Lauritzen-Rhoditis-Romero* test focuses on the totality of the circumstances, Louisiana Machinery argues, the fact that one factor may favor application of the law of Trinidad and Tobago should not result in the denial of summary judgment.[82] This Court previously found that two factors favor the laws of the United States. five factors are neutral, and that there remains a dispute of material fact regarding the base of operations factor.[83] Louisiana Machinery asserts that "[t]he jurisprudence explains that the base of operations should not be the deciding factor, though it is here."[84] This argument misstates the summary judgment standard. The movant is only entitled to summary judgment when the pleadings, the discovery, and any affidavits show that "there is *no* genuine dispute as to *any* material fact."[85] Only if the record, as a whole, "could not lead a rational trier of fact to find for the non-moving party," is there no genuine issue of fact.[86] In this case, only two factors weigh in favor of applying the law of the United States, and there is a dispute of fact regarding whether the base of operations factor favors the United States or Trinidad. Considering these issues and that the majority of the factors are neutral, the Court found that the choice of law issue could not be decided on summary judgment.

---

[81] Rec. Doc. 78 at 2.

[82] Rec. Doc. 78 at 2.

[83] Rec. Doc. 69 at 23. Louisiana Machinery incorrectly asserts that the Court found five factors to favor the laws of the United States and two factors to be neutral. Rec. Doc. 78 at 8.

[84] Rec. Doc. 78 at 8.

[85] Fed. R. Civ. P. 56(a) (emphasis added).

[86] *Matsushita Elec. Indus. Co. Ltd.*, 475 U.S. at 586.

Louisiana Machinery argues that the base of operations refers to the location where a company performs its business operations or where its corporate decision making takes place.[87] Because Louisiana Machinery's business operations and corporate decision making occur from its home base in Reserve, Louisiana, Louisiana Machinery argues that Louisiana should be considered its base of operations.[88] However, the Fifth Circuit has "uniformly held that to determine a vessel's base of operations for choice of law purposes, [the Court] look[s] to the location from which its day-to-day operations are controlled."[89] Particularly, in the context of "nontraditional" maritime activities, involving "relatively permanently based vessels," the Fifth Circuit has held that the base of operations "is the base from which the rig is operated on a day-to-day basis rather than the base of operations of the corporate or ultimate owner of the rig which is important for choice of law purposes."[90]

Responding to the prior motion for summary judgment, Plaintiff pointed to service reports and deposition testimony showing that the service, repair, inspection, and maintenance of the vessel's engine took place in Trinidad and Tobago both immediately before and following the incident.[91] Louisiana Machinery disputed the authenticity of the reports and claims they are not competent summary judgment evidence as they have not been authenticated via affidavit.[92]

---

[87] Rec. Doc. 78 at 4.

[88] Rec. Doc. 78 at 5.

[89] *Fogleman*, 920 F.2d at 284.

[90] *Fogleman*, 920 F.2d at 284; *see also Coats*, 61 F.2d at 1120–21.

[91] Rec. Docs. 46-2, 46-5 at 3, 46-6 at 6.

[92] Rec. Doc. 54-2 at 5 (citing *Select Portfolio Servicing, Inc. v. Allstate Ins. Co., Inc*., 2007 WL 4301716, at *2 (E.D. La. Dec. 4, 2007), citing Fed. R. Civ. P. 56(e)).

However, as the Court noted in its prior Order, even if the Court were to disregard the reports, Plaintiff presented deposition testimony in which he stated that multiple "engine overhauls" were performed by Louisiana Machinery in Chaguaramas, a city in Trinidad, about a year before the alleged incident.[93] While the corporate headquarters for Louisiana Machinery may be in the United States, if the day-to-day operational decisions regarding the vessel were made in Trinidad, then this factor may weigh in favor of applying the laws of Trinidad. Importantly, the Fifth Circuit specifically looks at the day-to-day operations of each party as related to the claims alleged against that party.[94] Therefore, the deposition testimony presented by Plaintiff creates a question of fact related to where the day-to-day operations regarding the control of and maintenance on of the vessel occurred.

In the present motion, Louisiana Machinery attaches the affidavit of Donald, a Louisiana Machinery employee who oversaw the Co-Operation Agreement between Louisiana Machinery and Massy and supervised two other Louisiana Machinery employees also stationed in Trinidad and Tobago.[95] Louisiana Machinery argues that because Donald did not report to a superior in Trinidad and because Louisiana Machinery never established a branch or satellite office in Trinidad and Tobago, its base of operations is Louisiana.[96] Donald's affidavit does not alter the Court's previous finding that there remains a dispute of material fact regarding the shipowner's base of operations. If the vessel was controlled and operating in Trinidad, and if Louisiana

---

[93] Rec. Doc. 46-5 at 3.

[94] *See Fogleman*, 920 F.2d at 284 ("[T]he day-to-day operations of both ARAMCO and Fluor Arabia in the construction and electrification of ARAMCO's offshore oil platforms were conducted in Saudi Arabia.").

[95] Rec. Doc. 78-4 at 1-2.

[96] Rec. Doc. 78 3-4 (citing Rec. Doc. 78-4).

Machinery performed and coordinated its day-to-day maintenance on the vessel in Trinidad, then this factor may weigh in favor of applying the laws of Trinidad.

Lastly, Louisiana Machinery argues that courts use the term "base of operations" synonymously with "principal place of business."[97] Rather, courts have considered a defendant's principal place of business as one of many factors in determining that defendant's base of operations.[98] In evaluating the base of operations factor, "[c]ourts have considered: the location of corporate headquarters; the ownership interest in the corporation; where the ship is regularly loaded; where the management of operations occurs; where maintenance of the vessel is performed; and where shipping agents are located."[99] While Louisiana Machinery's corporate headquarters and management of operations occurs in Louisiana, Plaintiff provides deposition testimony stating that Louisiana Machinery performed multiple "engine overhauls" in Trinidad, suggesting that maintenance of the vessel is performed in Trinidad and Tobago.[100] This creates a question of fact related to where the day-to-day operations regarding the control of and maintenance on the vessel occurred. Thus, summary judgment is not appropriate because there is a genuine issue of material fact in dispute, and reconsideration of the Court's prior order denying its Motion for Summary Judgment is not warranted.[101]

---

[97] Rec. Doc. 78 at 7 (citing *Gonzalez*, 832 F.2d at 880–81).

[98] *See Rhoditis*, 398 U.S. at 310 (finding that the law of the United State applied where the United States was the corporate shipowner's principal place of business, more than 95% of the corporation's stock was owned by a United States domiciliary and the ship made regular visits to the United States).

[99] *In re Central Gulf Lines, Inc.*, 62 Fed. Appx. 557, 2003 WL 1202793 at *7 (5th Cir. 2003) (unpublished).

[100] Rec. Doc. 46-5 at 3.

[101] Fed. R. Civ. P. 56(a); *see also Celotex*, 477 U.S. at 322–23.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion for Summary Judgment [102] filed by Louisiana Machinery is **DENIED**.

**NEW ORLEANS, LOUISIANA**, this 24th day of October, 2019.

_____
**NANNETTE JOLIVETTE BROWN
CHIEF JUDGE
UNITED STATES DISTRICT COURT**

---

[102] Rec. Doc. 78.