| | |
|---|---|
| **ROBBIN E BLYTHE** | **CIVIL ACTION** |
| **VERSUS** | **CASE NO. 17-5184** |
| **OFFSHORE SERVICE VESSELS, L.L.C., et al.** | **SECTION: "G"(4)** |

## ORDER

Before the Court is Defendants Caterpillar Inc. ("Caterpillar"), and Louisiana Machinery Company, LLC's ("Louisiana Machinery") (collectively, "Defendants") "Joint Motion to Continue Trial and Pre-Trial Deadlines."[1] Plaintiff Robbin Blythe ("Plaintiff") opposes the motion.[2] Defendants claims that counsel for defendant, Offshore Service Vessels, LLC ("OSV"), has indicated OSV has no objection to the requested continuance.[3] Considering the motion, the memoranda in support and in opposition, the record, the arguments of counsel, and the applicable law, the Court denies the motion.

## I. Background

### A. Factual Background

Plaintiff, a citizen and resident of Panama, alleges that on January 21, 2015, he suffered injuries, specifically post-traumatic stress disorder, as the result of being trapped aboard the vessel AHTS EDISON CHOEST while a fire occurred in the engine room.[4] Plaintiff alleges that at the

---

[1] Rec. Doc. 84.

[2] Rec. Doc. 87.

[3] Rec. Doc. 84.

[4] Rec. Doc. 1 at 1–2

time, he was employed as a "seaman" for OSV, a Louisiana company that owned and operated the vessel.[5] Plaintiff alleges that when the fire occurred, the vessel was located off the coast of Trinidad and Tobago.[6] Plaintiff alleges that Caterpillar manufactured the engine of the AHTS EDISON CHOEST, and provided training to technicians of their brand companies, Louisiana Machinery and Massy Machinery Ltd.'s ("Massy"), in the servicing, repairing, and inspecting of its machinery and equipment.[7] Plaintiff further alleges that the inspections and/or engine work that Louisiana Machinery performed in November 2012 and August 2014; and that Massy performed in August 2014, December 2014, and January 2015, caused or contributed to his alleged injuries.[8]

**B.    *Procedural Background***

Plaintiff filed a complaint in this Court on May 24, 2017, bringing claims solely against OSV under the Jones Act and general maritime law.[9] Plaintiff then filed a supplemental and amended complaint on April 16, 2018, with leave of Court, adding claims against Caterpillar, Louisiana Machinery, and Massy under general maritime law and under the laws of Trinidad and Tobago.[10]

On June 12, 2018, Defendant Caterpillar filed a motion to dismiss Plaintiff's general maritime law claims against Caterpillar.[11]  On July 13, 2018, Defendant Louisiana Machinery filed

---

[5] *Id.*

[6] *Id.*

[7] Rec. Doc. 16 at 3.

[8] *Id.* at 4–5.

[9] Rec. Doc. 1.

[10] Rec. Doc. 16.

[11] Rec. Doc. 25.

a similar motion to dismiss Plaintiff's general maritime law claims against Louisiana Machinery.[12] On August 29, 2018, the Court granted both motions to dismiss, dismissing Plaintiff's general maritime law claims against Caterpillar and Louisiana Machinery, but reserving all remaining claims arising under the laws of Trinidad and Tobago.[13]

On March 19, 2019, Louisiana Machinery filed a motion for summary judgment, arguing that Plaintiff cannot prove that the laws of Trinidad and Tobago apply, thus the remaining claims based on these laws should be dismissed.[14] On April 29, 2019, the Court denied the motion, finding a dispute of material fact regarding the defendant's base of operations.[15]

On April 1, 2019, Massy filed a motion to dismiss, arguing that it does not have sufficient minimum contacts with Louisiana to establish personal jurisdiction.[16] On September 30, 2019, the Court granted the motion, concluding that Plaintiff had not presented sufficient facts to make out a *prima facie* case that Massy has the requisite minimum contacts for the Court to exercise personal jurisdiction over Massy.[17]

On April 4, 2019, Caterpillar filed a motion for summary judgment, arguing that Plaintiff has no viable claim under the laws of Trinidad and Tobago.[18] On July 30, 2019, Louisiana

---

[12] Rec. Doc. 30.

[13] Rec. Doc. 34.

[14] Rec. Doc. 43.

[15] Rec. Doc. 69.

[16] Rec. Doc. 44.

[17] Rec. Doc. 83.

[18] Rec. Doc. 52.

Machinery filed a motion for summary judgment, arguing that its base of operations is Louisiana.[19] On October 8, 2019, Louisiana Machinery filed a motion for summary judgment on the issue of liability.[20] These motions are currently pending before the Court.

On October 8, 2019, Defendants filed the instant "Joint Motion to Continue Trial and Pre-Trial Deadlines."[21] On October 15, 2019, Plaintiff filed an opposition to the motion.[22]

## II. Parties' Arguments

### A.    *Defendants' Arguments in Support of the Motion to Continue*

In the instant motion, Defendants request a continuance of the January 13, 2020 trial date for three reasons.[23] First, Defendants argue that a continuance should be granted because both Caterpillar and Louisiana Machinery have pending motions for summary judgment, which, if granted, would result in their dismissal from this suit.[24] Second, Defendants argue that this Court has not yet ruled on which body of law applies to Mr. Blythe's claims and that it would be prejudicial to force Defendants to prepare expert reports and engage in other trial preparation efforts with such major issues outstanding.[25] Third, Defendants argue Plaintiff has not provided dates for Plaintiff's deposition, despite requests from Defendants.[26] Accordingly, Defendants

---

[19] Rec. Doc. 78.

[20] Rec. Doc. 85.

[21] Rec. Doc. 84.

[22] Rec. Doc. 87.

[23] Rec. Doc. 84-2.

[24] *Id.* at 3.

[25] *Id.* at 4.

[26] *Id.*

request that the trial and pretrial deadlines be continued.[27]

## B.    *Plaintiff's Opposition to Defendants' Motion*

In opposition, Plaintiff first argues that the request for a continuance should be denied because this action has been pending for more than two years, and Defendants were added more than a year ago.[28] Second, Plaintiff asserts that Plaintiff "has informed his counsel that he is available to be deposed in early November before the deposition cut-off date."[29] Third, Plaintiff contends that Plaintiff "will be unfairly prejudiced by a continuance of pre-trial and trial dates."[30] Fourth, Plaintiff asserts that the Court still has sufficient time to rule on Defendants' motions for summary judgment.[31] As a result, Plaintiff argues that "Defendants have failed to demonstrate good cause for continuing the pre-trial and trial dates in this matter" and that the Court should therefore deny the Motion to Continue.[32]

## III. Legal Standard

A federal district court has the inherent power to enforce its scheduling order.[33] Under Federal Rule of Civil Procedure 16(b), a scheduling order "may be modified only for good cause and with the judge's consent."[34] Whether to grant a continuance is within the sound discretion of

---

[27] *Id.* at 5.

[28] Rec. Doc. 87 at 4.

[29] *Id.*

[30] *Id.* at 5.

[31] *Id.*

[32] *Id.*

[33] *See Flaska v. Little River Marine Const. Co.*, 389 F.2d 885, 886 & n.3 (5th Cir. 1968) (citing *Link v. Wabash R. Co.*, 370 U.S. 626, 630 (1962)).

[34] Fed. R. Civ. P. 16(b)(4).

the trial court.[35] Indeed, the Court's "judgment range is exceedingly wide" because the court "must consider not only the facts of the particular case but also all of the demands on counsel's time and the court's."[36] "The good cause standard requires the 'party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'"[37]

## IV. Analysis

In this motion, Defendants provide three reasons to continue the trial date: motions for summary judgment remain pending before the Court, the open question regarding the body of law applicable to Plaintiff's claims, and Plaintiff's failure to provide dates to conduct a deposition.[38] The Court has ruled on Defendant's motions for summary judgment.[39] Furthermore, the Court has ruled that there are material facts in dispute that prevent the Court from deciding at the summary judgment phase which body of law is applicable to Plaintiff's claims. Therefore, this issue will be decided at trial. Lastly, Plaintiff asserts in his opposition brief that he is available to be deposed in early November before the deposition cut-off date.[40] Plaintiff also contends that he "will be unfairly prejudiced by a continuance of pre-trial and trial dates."[41] Therefore, Defendants have not established good cause for a continuance of the January 13, 2020 trial date in this matter.

---

[35] *United States v. Alix*, 86 F.3d 429, 434 (5th Cir.1996).

[36] *Streber v. Hunter*, 221 F.3d 701, 736 (5th Cir. 2000) (internal citations omitted).

[37] *S&W Enter., LLC v. SouthTrust Bank of Alabama, NA*, 315 F.3d 533, 535 (5th Cir. 2003) (internal citation omitted).

[38] Rec. Doc. 84.

[39] *See* Rec. Docs. 93, 94.

[40] *See* Rec. Doc. 87 at 4.

[41] *Id*. at 5.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants Caterpillar Inc. and Louisiana Machinery

Company, LLC's "Joint Motion to Continue Trial and Pre-Trial Deadlines"[42] is **DENIED.**

**NEW ORLEANS, LOUISIANA**, this 24th day of October, 2019.

**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[42] Rec. Doc. 84.